**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RICHARD WALLACE,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 09-806-GPM** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 06-40041-01-GPM** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was convicted, after a jury trial, of one count of healthcare fraud in violation of 18 U.S.C. §§ 2 and 1347 and seventeen counts of fraud in violation of 18 U.S.C. §§ 2 and 1341. On December 19, 2007, Petitioner was sentenced to 36 months imprisonment (all counts to run concurrently), 2 years supervised release, a special assessment of $1,800, and restitution of $401,555.79. Petitioner's conviction and sentence were affirmed on direct appeal. *United States v. Wallace*, 531 F.3d 504 (7th Cir. 2008). It appears that Petitioner did not seek a writ of certiorari to the Supreme Court of the United States. *United States v. Wallace*, Case No. 07-4052 (7th Cir.) (docket sheet accessed through the Court of Appeals' web site).

In his § 2255 motion, Petitioner raises 6 primary grounds for relief: (1) ineffective assistance of counsel (10 sub-claims); (2) violations of Petitioner's right to confront witnesses in violation of the Sixth Amendment; (3) prosecutorial misconduct (5 sub-claims); (4) the jury's verdict was against the weight of the evidence; (5) the jury instructions violated his due process rights; (6) his conviction

violates the Contract Clause of the Constitution.

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

Also before the Court are Petitioner's motions for additional time to file his brief in support of his § 2255 motion (Doc. 2) and for an "expeditious hearing" on his motion (Doc.4). There is no provision at all for filing a "brief" in support of a § 2255 motion and, therefore, no time limit established for filing such a brief. Petitioner's brief was, in fact, filed with the Court on November 3, 2009 (Doc. 3). Therefore, Petitioner's motion for additional time to file his brief in support of his § 2255 motion is **DENIED** as moot.

At this point in the proceedings, because the Government has not yet responded, it is too soon to determine whether an evidentiary hearing is warranted. *See* Rule 8 of the Rules Governing § 2255 Proceedings for the United States District Courts. Therefore, Petitioner's motion for an "expeditious hearing" is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED: 04/15/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge