**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RICHARD WALLACE,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** ) | **CIVIL NO. 09-806-GPM**<br><br>**CRIMINAL NO. 06-40041-GPM** |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Petitioner Richard Wallace, who is currently serving a thirty-six month term of imprisonment in the custody of the Bureau of Prisons for health-care and mail fraud, brings this action pursuant to 28 U.S.C. § 2255 to challenge his sentence. Mr. Wallace bases his claim on alleged: violations of the Speedy Trial Act of 1974 (Speedy Trial Act), 18 U.S.C. § 3161 *et seq.*; improper conviction for theft of honest services in light of the Supreme Court's decisions in *Skilling v. United States,* — U.S. —, 130 S.Ct. 2896 (2010), and *Black v. United States,* — U.S. —, 130 S.Ct. 2963 (2010); ineffective assistance of counsel; and/or violations of the Contract Clause, U.S. CONST. art. 1, § 10. For the reasons set forth below, Mr. Wallace's motion is DENIED.

### BACKGROUND

Mr. Wallace was indicted on eighteen counts of mail fraud under 18 U.S.C. 1341, and health-care fraud under 18 U.S.C. § 1347 on July 12, 2006. He made his initial appearance on

August 7, 2006 where he pleaded not guilty. On October 2, 2006, Mr. Wallace made an oral motion for a sixty-day continuance which was granted by Judge Foreman. The following day, when his case was transferred before this Court, the Court found that the ends of justice served by that continuance "outweighed the best interests of the public and the defendant in a speedy trial, because failure to grant a continuance would deny defendant the reasonable time necessary for effective trial preparation and continuity of counsel" (4:06-cr-40041-GPM, Doc. 13). On November 28, 2006, the Court granted Mr. Wallace's motion to continue trial, again finding that "the ends of justice" would be best served by the continuance, as Mr. Wallace needed more time for effective trial preparation (4:06-cr-40041-GPM, Doc. 17). The trial began February 6, 2007. The jury found that Mr. Wallace and his business, Downstate Transportation Services (DTS), defrauded Medicaid by billing for "unloaded" miles–miles in which no passenger was in the taxi–in clear violation of Medicaid plan operation. The loss to Medicaid totaled approximately $500,000. *See United States v. Wallace,* 531 F.3d 504, 507 (7th Cir. 2008). He was sentenced on July 23, 2007 to thirty-six months in prison, two years supervised release, and restitution of $401,555.79. The Seventh Circuit affirmed on Mr. Wallace's direct appeal. *Id.*

Mr. Wallace filed this § 2255 motion on October 2, 2009, *pro se,* and later filed an amended memorandum in support, represented by counsel. The amended memorandum pared down Mr. Wallace's grounds for § 2255 relief to the four claims listed above. Though all of his grounds for relief are likely barred procedurally, the Court also finds all of those grounds without merit, and addresses each in turn.

## ANALYSIS

<u>Standard to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255</u>

In general, the Court must grant a request to vacate, set aside, or correct a federal prison sentence when "the sentence was imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process. Consequently, Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that '[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.'" *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Relief under section 2255 is available only if an error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997), *quoting Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1992). Petitions under Section 2255 are subject to various bars, including that of procedural default. A section 2255 petition is "neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Thus, such a petition cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal. *See Belford v.*

*United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

### Evidentiary Hearing

An evidentiary hearing on a motion brought pursuant to 28 U.S.C. § 2255 is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001); *see also United States v. Taglia*, 922 F.2d 413, 419 (7th Cir. 1991) ("[I]f there is no reason to suppose that a hearing would produce evidence justifying the grant of a new trial, there is no reason to hold a hearing."). Additionally, the Seventh Circuit has noted that "[n]o hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992), *citing United States v. Frye*, 738 F.2d 196 (7th Cir. 1984).

In the present case, Mr. Wallace's section 2255 motion does not specifically request an evidentiary hearing, nor is such a hearing warranted. After careful review of the motion, files and records, the Court concludes that any factual matters raised by the motion may be resolved on the record and an evidentiary hearing is not required in this case. Accordingly, the Court will resolve the motion without a hearing.

### Speedy Trial Act Claim

"The Speedy Trial Act mandates that criminal trials shall be commenced within 70 days of the issuance of an indictment or a defendant's first appearance before a judicial officer,

whichever occurs later." *United States v. Napadow,* 596 F.3d 398, 402 (7th Cir. 2010). However, § 3161(h) of the Act "provides a number of exclusions to the 70-day rule." *United States v. Sykes,* 614 F.3d 303, 309 (7th Cir. 2010). One such exception exists for periods of delay resulting from a continuance if the court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Such an "ends-of-justice" exclusion from Speedy-Trial-calculation must be accompanied in the record, either orally or in writing, by the court's rationale for the necessity of the delay. *See Napadow,* 596 F.3d at 405. The Speedy Trial Act "does not require the court to cite sections of the Act or to track the statutory language in a lengthy legal opinion, but rather to make findings sufficiently specific to justify a continuance and comport with the purposes of the Act." *Id.* (internal citations and quotations omitted).

Here, the 70-day clock started on August 7, 2006 when Mr. Wallace made his first appearance. Fifty-seven days later, on October 3, 2006, the Court found–upon Mr. Wallace's own motion–that the reasonable time necessary for effective trial preparation, and continuity of counsel necessitated a continuance (4:06-cr-40041-GPM, Doc. 13). The reasons for this ends-of-justice continuance made sufficiently clear, the Speedy Trial clock stopped. *See* 18 U.S.C. § 3161(c)(7). Mr. Wallace attempts to argue that the Supreme Court's decision in *Bloute v. United States* changes the Speedy Trial analysis, but *Bloute* is inapposite. — U.S. —, 130 S.Ct. 1345 (2010). *Bloat*'s narrow holding is limited to the issue of whether delay resulting from time granted to *prepare* pre-trial motions is *automatically* excluded from the 70-day calculation. *Id.* at 1349. The Court found that time to prepare pre-trial motions may only be excluded if the

district court includes the appropriate § 3161(h)(7) findings. *Id.* at 1352. The Court noted that delay occurring *after* pre-trial motions are filed is automatically excludable from the 70-day calculation, that is, it is properly excludable without § 3161(h)(7) findings. *Id.* at 1353. If anything, *Bloute* further supports the fact that this Court's explanation of the trial continuance was sufficient. The case does not apply to the 70-day counting scheme here. There was no Speedy Trial Act violation.

### Theft of Honest Services Claim

In *Skilling v. United States* and *Black v. United States,* decided the same day, the Supreme Court held that a bribe or kick-back is a necessary component of an honest services fraud violation under 18 U.S.C. § 1346. *Skilling v. United States,* — U.S. —, 130 S.Ct. 2896, 2931 (2010), *Black v. United States,* — U.S. —, 130 S.Ct. 2963, 2966 (2010). On remand from the Supreme Court, the Seventh Circuit recently explained that the issue in *Black* with respect to honest services fraud was whether the "esoteric" honest services fraud jury instruction prejudicially spilled over into the obstruction of justice or pecuniary fraud instructions. *United States v. Black,* No. 07-4080, 08-1030, 08-1072, 08-1106, 1020 WL 4261217, at *3 (7th Cir. Oct. 29, 2010). There is no such issue in this case. Mr. Wallace was never charged with honest services fraud. The jury was never instructed on honest services fraud. His argument that the Government's opening statement, the mail fraud jury instruction, and/or his enhancement for violation of public trust somehow implicated an honest services fraud pseudo-instruction is inconsequential. Mr. Wallace's argument appears to be based on the fact that the prosecutor used the word "trust" in his opening. His argument vis-a-vis the enhancement is basically that the

enhancement shouldn't have been applied. And the jury instruction he quotes in his motion explicitly states that jury must consider only "whether the defendants are guilty of the crimes charged in the indictment"–the indictment in which honest services fraud was not included. The holdings of *Skilling* and *Black* are in no way implicated. The Government's response is apt: "The victim didn't lose an intangible right to honest services, rather the victim State of Illinois lost thousands of very tangible dollars" (Doc. 23).

### Ineffective Assistance of Counsel Claim

A claim of ineffective assistance of trial counsel may properly be raised in a section 2255 petition regardless of whether the defendant raised the issue of ineffective assistance on direct appeal from his or her conviction. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). To establish a claim of ineffective assistance of counsel, the petitioner must show: 1) that his counsel's "performance was deficient, which means counsel's errors were so serious that they deprived [him] of 'counsel' within the meaning of the Sixth Amendment," and 2) "that the deficient performance prejudiced him, which means that counsel's errors were so serious that they deprived him of a fair trial with reliable results." *Mahaffey v. Schomig,* 294 F.3d 907, 918 (7th Cir. 2002), *citing Strickland v. Washington,* 466 U.S. 668, 687 (1984). As the Seventh Circuit has noted, "[r]egardless of when it is made, because counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino,* 60 F.3d 333, 338 (7th Cir. 1995).

Here, Mr. Wallace raises two grounds for ineffective assistance of counsel: conflict of interest and cumulative error. Mr. Wallace's argument for conflict of interest arises from the fact

that his trial counsel represented both Mr. Wallace and Mr. Wallace's company, DTS. It is plain there was no conflict–DTS's liability was based solely on Mr. Wallace's conduct. If anything, this co-representation encouraged more vehement defense of Mr. Wallace personally in order that both defendants avoid liability. Mr. Wallace freely chose to retain the same counsel for himself and his company. There was no conflict and no prejudice. Mr. Wallace also claims "cumulative error" in that his counsel: failed to object to the introduction of a state audit; stipulated to the state's loss; failed to call an auditor to object to the state's loss calculation; and failed to confront the person who prepared the state's audit. The state audit, on which these complaints lie, was not itself at issue in the trial, nor does Mr. Wallace specify *how* its introduction prejudiced him, beyond reciting that the report was flawed. As the Seventh Circuit found on direct appeal, "the real loss to the Medicaid program…probably exceeded $500,000 [and] Wallace's total billings were approximately $1.4 million." Mr. Wallace's counsel disputed this amount of loss both at trial and on direct appeal. *See United States v. Wallace,* 531 F.3d at 507. ("Although Wallace contends that the district court overstated the loss to the Medicaid program, he does not offer a competing estimate or argue that the error (if one occurred) affected the sentence.") While the Government's evidence of Mr. Wallace's fraudulent billing was contrary to Mr. Wallace's not-guilty plea, Mr. Wallace's counsel was not deficient in his defense of loss-related evidence. There is no ineffective assistance of counsel here.

### Contract Clause Claim

In his most bewildering claim for post-conviction relief, Mr. Wallace argues that his sentence somehow violates the Contracts Clause of the Constitution. The Contracts Clause prohibits States from passing laws which impair the obligation of contracts. U.S. CONST. art. 1, § 10. "A State violates the Contracts Clause if a change in state law has operated as a substantial impairment of a contractual

relationship." *Khan v. Gallitano,* 180 F.3d 829, 833 (7th Cir. 1999), *citing General Motors Corp. V. Romein,* 503 U.S. 181, 186 (1992). Not only does Mr. Wallace fail to advance any purported change in state law which altered his contractual relationship with the State of Illinois, he fails to mention that it was his own illegal and grossly fraudulent activity which "impaired" the contract–by breaching it. The audacity of this argument would be laughable were it not for the fact that Mr. Wallace's self-inflicted "impairment" of the contract resulted in a $500,000 loss to the Medicaid program.

## CONCLUSION

It is plain that Mr. Wallace's § 2255 motion is without merit, and is DENIED. This action is dismissed with prejudice, and the Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 12/14/2010

                                                          s/ *G. Patrick Murphy*
                                                          G. PATRICK MURPHY
                                                          United States District Judge