IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. 09-806-GPM |
| vs. ) | |
| ) | CRIMINAL NO. 06-40041-GPM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On December 14, 2010, this Court entered final judgment and dismissed Mr. Wallace's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On February 4, 2011, Mr. Wallace filed a notice of appeal and contemporaneous request for certification of appealability pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253.

In a 28 U.S.C. 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. 2253(c). "A certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Young v. United States,* 124 F.3d 794, 798-99 (7th Cir. 1997); *Nunez v. United States,* 96 F.3d 990, 991-92 (7th Cir. 1996). "A petitioner makes a substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009), *quoting Arredondo v. Huibreqtse,* 542 F.3d 1155, 1165 (7th Cir. 2008).

Mr. Wallace's motion for certificate of appealability identifies five issues that he proposes to

raise on appeal from the Court's denial of his § 2255 motion. First, Mr. Wallace argues that the Court erred in its dismissal of his Speedy Trial Act claim, which he argued pursuant to the Supreme Court's decision in *Bloute v. United States*. —U.S.—, 130 S.Ct. 1345 (2010). In his notice of appeal, Mr. Wallace adds that his Speedy Trial Act claim should prevail in light of the pending decision in *United States v. Tinklenberg*. 579 F.3d 589 (6th Cir. 2009), *cert. granted,* 131 S.Ct. 62 (U.S. Sept. 28, 2010) (No. 09-1498). This Court's December 14, 2010 Memorandum and Order explicated why *Bloute* is inapposite to Mr. Wallace's Speedy Trial Act claim (Doc. 25). Mr. Wallace did not cite to the *Tinklenberg* certiorari in his § 2255 arguments before this Court.[1] It is not elucidated in the notice of appeal, nor is it in any way apparent from the Sixth Circuit's decision, what possible bearing any Supreme Court decision in *Tinklenberg* would have on the Speedy Trial claim in Mr. Wallace's case. In *Tinklenberg,* the Sixth Circuit decided that time in which pretrial motions are filed and pending is excludable from the Speedy Trial calculation "only if [it] could possibly cause any delay of trial." 579 F.3d at 599. Here however, the Speedy Trial clock stopped upon Mr. Wallace's own motion for a continuance, and was accompanied by "ends-of-justice" justification from the Court, pursuant to 18 U.S.C. § 3161. Mr. Wallace has offered no reason for the Court to believe that reasonable jurists would differ with the conclusion that his Speedy Trial Act claim was without merit.

The second issue proposed in the notice of appeal is Mr. Wallace's argument that the mail fraud jury instruction given at his trial somehow implicated a theft of honest services instruction, in violation of the Supreme Court's decisions in *Black v. United States* and *Skilling v. United States*. —U.S.—, 130 S.Ct. 2963 (2010); —U.S.—, 130 S.Ct. 2896 (2010). For the reasons set forth in the Court's Memorandum and Order, Mr. Wallace fails to show the denial of a constitutional right on this

---

[1] The Court notes that a certificate of appealability does not expand to include issues not raised before the district court. *Rodriguez v. United States,* 286 F.3d 972, 978 (7th Cir. 2002).

basis–much less a substantial showing of such a right.  A certificate of appealability is therefore also denied on this issue.  Likewise, Mr. Wallace's third and fourth grounds for appeal rehash his ineffective assistance of counsel claims dismissed in the Doc. 25 Order.  The Court has already addressed these arguments and concluded they have no merit.  Mr. Wallace's final proposed issue for appeal is the failure of the Court to hold a Rule 44(c) hearing to evaluate potential conflicts of interests arising from his trial counsel's representation of Mr. Wallace and Mr. Wallace's company, Downstate Transportation Services, Inc. (DTS).  Mr. Wallace retained his trial counsel on his own behalf, and–of his own accord--retained that counsel to represent DTS.  As is explained in the Order dismissing Mr. Wallace's § 2255 motion, there was no cause to believe that a conflict of interest would arise.

For the reasons set forth above and in the Court's December 14, 2010 Memorandum and Order, Mr. Wallace has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court **DECLINES** to issue a certificate of appealability.  Pursuant to Federal Rule of Appellate Procedure 22(b), Mr. Wallace may renew his request for a certificate of appealability to the Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

DATED: 2/10/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge